**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO:**

CHRISTIAN RICHARDSON,

    Plaintiff

    v.

FTF EQUITY GROUP CORPORATION,
d/b/a WHOLESALE FINANCE
CAPITAL, CORP., a Florida for-profit
corporation, and
STEVEN WEAVER, individually,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, CHRISTIAN RICHARDSON ("Plaintiff" or "RICHARDSON"), pursuant to *29 U.S.C. § 216(b),* files the following Complaint for Damages and Demand for Jury Trial against Defendants, FTF EQUITY GROUP CORPORATION d/b/a WHOLESALE FINANCE CAPITAL, CORP., ("FTF"), and STEVEN WEAVER ("WEAVER"), (collectively, "Defendants"), and alleges as follows:

**INTRODUCTION**

1. Defendants unlawfully deprived Plaintiff of compensation during the course of his employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to recover all wages that Defendants refused to pay Plaintiff during his employment.

## **PARTIES**

2. During all times material hereto, Plaintiff was a resident of Osceola County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, FTF, was a Florida for-profit corporation, located and transacting business within South Florida, including Miami-Dade, County, within the jurisdiction of this Honorable Court.

4. FTF is headquartered and operates its principal location at 1815 Purdy Avenue, Miami Beach, Florida 33139.

5. During all times material hereto, FTF was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*.

6. During all times material hereto, Defendant, WEAVER, was a resident of the Southern District of Florida, and managing owner/director of the Defendant company.

7. During all times material hereto, Defendant, WEAVER, signed Plaintiff's issued checks.

8. During all times material hereto, Defendant, WEAVER, was over the age of 18 years, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for FTF.

9. During all times material hereto, WEAVER was Plaintiff's supervisor.

10. During all times material hereto, Defendant, WEAVER, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*.

11. During all times material hereto, Plaintiff worked for Defendants, FTF and WEAVER, remotely, but reported to the principal location at 1815 Purdy Avenue, Miami Beach, Florida 33139.

## JURISDICTION AND VENUE

12. All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida, which falls within the jurisdiction of this Honorable Court.

13. Defendants regularly transacts business in Miami-Dade County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216* and *28 U.S.C. §§ 1331* and *1337*.

14. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

15. Defendant, FTF, is a financial loan company, providing finance programs to small businesses and entrepreneurs within the community.

## FLSA COVERAGE

16. Defendant, FTF, is covered under the FLSA through enterprise coverage, as FTF was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, FTF's business and Plaintiff's work for FTF's benefit affected interests commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, FTF was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)B)*.

17. During his employment with FTF and WEAVER, Plaintiff handled and worked with various good and/or materials that have moved through interstate commerce, including but

not limited to the following: tables, office chairs, computers, computer screens, keyboards, pens, pencils, office/printer papers, telephones/cell phones, and other office-related items.

18. Upon information and belief, Defendant, FTF, grossed or did business in excess of $500,000.00 during the year of 2019, and is expected to gross in excess of $500,000.00 in 2020.

19. During his employment, Plaintiff was regularly and recurrently involved in interstate commerce, or in work directly related to the instrumentalities of interstate commerce, and is therefore covered under the FLSA through individual coverage. More specifically, Plaintiff regularly and recurrently used telephone line systems to make interstate, outbound calls to small businesses and entrepreneurs, and to process bank statements and financial loan applications across state lines. These phone calls were made on a daily basis and were an integral part of Plaintiff's work, and one of Plaintiff's primary duties in furtherance of the fulfillment and distribution of Defendants' services.

20. Based on Plaintiff's own interaction with interstate commerce, Plaintiff is individually covered under the FLSA.

21. During all times material hereto, Plaintiff was a non-exempt employee of Defendants within the meaning of the FLSA.

22. During all times material hereto, Plaintiff (i) did not have supervisory authority over any individuals, (ii) did not make any decisions of importance on behalf of FTF, and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

**PLAINTIFF'S WORK FOR DEFENDANTS**

23. Plaintiff began working for Defendants on or around June 15, 2020, as a Business Loan Advisor, and continued to do so until on or about September 28, 2020.

24. During all time periods pertinent to this Complaint, Plaintiff was economically dependent upon Defendants, FTF and WEAVER, for his work and was subject to the control of these Defendants.

25. During all time periods pertinent to this Complaint, Defendants retained the power to hire, fire, discipline, and control company pay practices as they relate to Plaintiff and other company employees.

26. During all time periods pertinent to this Complaint, Plaintiff performed non-exempt work for Defendant including processing loan applications for approval and using online dialer systems to make outbounds service calls.

27. On average, Plaintiff worked about fifty (50) hours per week for the benefit of Defendants.

28. From June 15, 2020, through July 31, 2020, Defendants paid Plaintiff $1,000.00 on a bi-monthly basis, regardless of the number of hours he worked per week.

29. Therefore, Defendant's failed to provide overtime compensation to Plaintiff at time-and-one-half his hourly rate for all hours of work performed in excess of forty (40) per week.

30. Defendants promised to increase Plaintiff's pay to $1,200.00 on a bi-monthly basis, starting August 1, 2020, regardless of the number of hours he worked per week for that time period.

31. However, from August 1, 2020 through the end of his employment on September 28, 2020, Defendants failed to provide any compensation to Plaintiff for the work he performed per week.

32. Plaintiff issued several complaints to Defendants regarding their failure to compensate him properly for his hours worked but all complaints were ignored by Defendants.

33. In order to enforce his rights to wages under federal law, Plaintiff has been required to retain the undersigned counsel and is entitled to recover attorney's fees and costs.

### **COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS – *29 U.S.C. § 206***

34. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 33 as thought set forth fully herein.

35. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

36. From around August 1, 2020 through September 28, 2020, Defendants refused to compensate Plaintiff for any hours of work he performed during those work weeks.

37. As a result of Defendants' failure to pay Plaintiff wages, violations of the FLSA have occurred in each of the eight (8) workweeks.

38. Defendants willfully and intentionally refused to pay Plaintiff's wages as required by the FLSA, as Defendants knew (or should have known) of the minimum wage requirements of the FLSA, and refused to comply with those requirements.

39. Defendants recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA during the relevant time period.

40. Defendants' willful or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

41. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, CHRISTIAN RICHARDSON, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, FTF EQUITY GROUP CORPORATION d/b/a WHOLESALE FINANCE CAPITAL, CORP., ("FTF"), and STEVEN

WEAVER ("WEAVER"), (collectively, "Defendants"), and award Plaintiff: (a) unliquidated unpaid minimum wages to be paid by Defendants, jointly and severally; (b) liquidated unpaid minimum wages to be paid by Defendants, jointly and severally; (c) reasonable attorney's fees and costs to be paid by Defendants; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### COUNT II - FEDERAL OVERTIME WAGE VIOLATIONS - *29 U.S.C. § 207*
**(Against all Defendants)**

42. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 33 as thought set forth fully herein.

43. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

44. During one or more weeks of his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week for which he was not properly compensated.

45. Plaintiff is entitled to recover statutorily prescribed federal overtime wages at a rate of time-and-one-half his regular hourly rate per hour, for all hours worked in excess of forty (40) per week.

46. Plaintiff therefore claims his proper overtime rates for all hours of work he performed in excess of forty (40) during his entire employment period with Defendants.

47. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA as Defendants knew or should have known of the FLSA overtime requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices.

48. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, CHRISTIAN RICHARDSON, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, FTF EQUITY GROUP CORPORATION d/b/a WHOLESALE FINANCE CAPITAL, CORP., ("FTF"), and STEVEN WEAVER ("WEAVER"), (collectively, "Defendants"), and award Plaintiff: (a) unliquidated unpaid overtime wages to be paid by the Defendants, jointly and severally;  (b) liquidated unpaid overtime wages to be paid by the Defendants, jointly and severally;  (c) all reasonable attorney's fees and costs to be paid by Defendants; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, CHRISTIAN RICHARDSON, requests and demands a trial by jury on all appropriate claims.

**Dated this 16th day of October 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Christian Richardson*

By: */s/ Jordan Richards, Esq.*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on October 16, 2020.

By: */s/ Jordan Richards, Esq.*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: